UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-80

LYNDON PROPERTY INSURANCE COMPANY                                        PLAINTIFF

v.

OVERBY GRAIN FARMS, INC., and
ALLEN S. OVERBY                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff filed a Motion for Summary Judgment in the present matter. (Docket # 17). Defendants responded (Docket # 18), and Plaintiff filed a Reply. (Dockets # 19 and 20). The matter is now ripe for adjudication. The Court now GRANTS Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Lyndon Property Insurance Company ("Lyndon") issued a Public Grain Dealer and/or Warehouseman's Bond (the "Bond") on behalf of Overby Grain Farms ("OGF").[1] In the Application for License, Permit, or Miscellaneous Bond (the "Application"), OGF and Allen S. Overby ("Overby") promised to indemnify Lyndon for all losses and expenses incurred by Lyndon on the Bond. Overby executed the Application on April 14, 1999, as both president of OGF and as an indemnitor.

In pertinent part, the Application states:

---

[1] Kentucky law requires that a grain warehouse, dealer, or trader have a warehouseman's bond. Because OGF was in the business of buying and reselling popcorn, it was required to obtain a Bond.

> The undersigned applicant (and indemnitors, if any)... do hereby jointly and severally covenant and agree to:
> (a) to indemnify and save the Company harmless from and against all liability, claims, losses, costs, suits, charges, and expenses of whatsoever kind and nature including reasonable attorneys fees, which the Company shall at any time sustain or incur, for or by reason or in consequence of the Company having become surety on any such bond(s) and any modification, renewal or continuation thereof, or new bond(s) substituted therefor.
> (b) to procure, at the request of the Company, the release and discharge of the Company from any further liability under said bond(s), and should the undersigned fail or refuse to do so, the Company shall have the right to proceed in any manner it may see to secure or attempt to secure its discharge, and the undersigned applicant (and indemnitors, if any) waive any and all claims against the Company for damages growing out of such proceedings and agree to reimburse the Company for all expenses, including reasonable attorneys fees, which the Company may incur.

In late 1999 or early 2000, several farmers who sold products to OGF filed claims with the Kentucky Department of Agriculture ("KDA") seeking reimbursement for OGF's alleged failure to pay. The farmers sought for the KDA to pay them from its grain insurance fund, which allows the KDA to compensate a farmer for up to eighty percent of his or her loss when a individual fails to pay for sold grain. These claims exceeded one million dollars.

On September 18, 2000, the KDA made a claim on the Bond. On September 22, 2000, Lyndon claims that its representative at Cumberland Surety Incorporated sent OGF and Overby a letter informing them of a the KDA's claim and requested a response from OGF and Overby within seven days if they disputed the charge. Lyndon claims that its representative again sent OGF and Overby a similar letter on March 21, 2001, requesting a response within five days. Lyndon also claims that OGF and Overby were sent a copy of a letter from its agent to the Commonwealth of Kentucky, stating that Lyndon was currently investigating the claim before payment. No response was received from these letters, and OGF and Overby dispute having

notice of the claims at this time. After investigation, Lyndon paid the full $100,000 bond as a result of the claim on June 29, 2001.[2]

In letters dated July 11, 2001, January 26, 2005, and January 19, 2006, Lyndon demanded indemnification from OGF and Overby for the $100,000 paid, plus costs, expenses, and attorneys' fees. Because OGF and Overby had not responded with payment, Lyndon brought the present suit. Defendants OGF and Overby claim that they are not liable to pay because Lyndon did not first notify them of KDA's claim before payment. Defendants argue that notification is a prerequisite for their indemnity liability because, without notification, they are powerless to exercise their right to seek settlement or release of claims from the KDA. Therefore, Defendants contend that a right to be notified of any claims on the Bond before it is paid is implied in the Application, though not explicitly stated.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

[2] The KDA paid eighty percent of the farmers' claimed losses from the grain insurance fund. To collect the difference between the eighty percent paid and the $100,000 collected from Lyndon, the KDA has instituted suit in the Franklin Circuit Court against OGF and Overby.

U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49).

## ANALYSIS

Defendants argue that summary judgment is inappropriate at this time because issues of fact remain as to whether Lyndon informed Defendants of the claims on the Bond by the KDA before it issued payment. However, the Court finds that this issue of fact is not material to the disposition of this case. *See infra*. Because this was the only issue of fact claimed by Defendants, the Court can now decide this case on summary judgment.

Defendants argue that their duty to indemnify Lyndon under the terms of the Application is conditioned on paragraph (b) of the Application requiring Lyndon to notify Defendants of the claim before payment. Because the indemnity terms are contractual, the Defendants' liability "shall be determined by the provisions of the indemnity agreement itself." *Westlake Vinyls v. Goodrich Corp.*, No. 5:05-CV-63-R, 2007 WL 1035011 at *3 (W.D. Ky. March 30, 2007) (quoting *United States Fid. & Guar. Co. v. Napier Elec. & Constr. Co.*, 571 S.W.2d 644, 646 (Ky. Ct. App. 1978)). "The construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *Id.* (quoting *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 105 ( Ky. 2003)). "The Court will 'interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence.'" *Id.* (quoting *O'Bryan v. Massey-Ferguson, Inc.*, 413 S.W.2d 891, 893 (Ky. 1966)).

In this matter, the Defendants do not argue that the Application explicitly required that Lyndon inform them of any claims before they were paid. The terms of the Application are clear that the Defendants could request that settlement be sought before payment of any claims, but do not require that the Defendants be specifically notified of each claim. Defendants point to no additional language which would contradict this term or make the terms of the Application ambiguous. Therefore, the Court finds that Defendants' defense that Lyndon breached the contract by not notifying Defendants of the claim before payment is ineffective as a matter of law. Any issues of fact regarding whether Lyndon properly notified Defendants of the claim before payment are irrelevant. Because this was the sole defense presented, the Court now grants Lyndon's Motion for Summary Judgment holding that Lyndon is entitled to the amount paid by Lyndon as surety plus interest, as well as attorneys' fees and expenses.

## CONCLUSION

For the above reasons, the Court now GRANTS Lyndon's Motion for Summary Judgment. An appropriate Order shall issue.

## CONCLUSION

For the above reasons, the Court now GRANTS Lyndon's Motion for Summary Judgment. An appropriate Order shall issue.